# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**CRAIG T. GOLDBLATT**
**JUDGE**



**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-3832**

May 15, 2026

<u>**VIA CM/ECF**</u>

Re:   *In re Cyber Litig. Inc.*, 20-12702; *Drivetrain LLC v. Dawson*, Adv. Proc. No. 24-50177

Dear Counsel:

This adversary proceeding involves prepetition transfers made by the debtor to defendant Anthony Dawson.  The Court previously held, in a decision granting the plan trustee's motion for partial summary judgment, that those transfers were avoidable as fraudulent conveyances.[1]  While the Court denied summary judgment on other claims, the Court proceeded to enter partial final judgment, under Rule 54(b), on the fraudulent conveyance claim.[2]  The Court accordingly entered a money judgment in favor of the plaintiff, the plan trustee, in the amount of $1,464,647.00.[3]  Dawson filed a notice of appeal.[4]

---

[1] D.I. 54.

[2] D.I. 57.

[3] *Id.*

[4] D.I. 58.

*In re Cyber Litig. Inc.*, 20-12702; *Drivetrain LLC v. Dawson*, Adv. Proc. No. 24-50177
May 15, 2026
Page 2 of 7

The plan trustee then sought discovery against Dawson, under Rule 69, in aid of enforcing the judgment. Not satisfied with Dawson's responses, the plan trustee has now moved to compel Dawson's response to its discovery requests.[5] Dawson both opposed the motion to compel and sought a stay of all proceedings in the case pending appeal.[6] The plan trustee has opposed the motion for a stay pending appeal.[7]

These motions were scheduled to be heard on May 14, 2026 at 11:30 a.m. Dawson's counsel, however, indicated that he is in trial at that time and was unavailable for that hearing. At the suggestion of the plan trustee, the Court concluded that it would rule on the papers.[8]

## I. The Court will deny Dawson's motion for a stay pending appeal.

The mechanism by which a party against whom a money judgment has been entered may seek to stay the enforcement of that judgment differs from the mechanism for obtaining a stay of a court's injunctive decree. The method by which a party may obtain a stay of the enforcement of a money judgment is set forth in Rule 62(b). "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or

---

[5] D.I. 70.

[6] D.I. 71, 73.

[7] D.I. 74.

[8] D.I. 76.

*In re Cyber Litig. Inc.*, 20-12702; *Drivetrain LLC v. Dawson*, Adv. Proc. No. 24-50177
May 15, 2026
Page 3 of 7

other security and remains in effect for the time specified in the bond or other security."[9]

This mechanism, the posting of a supersedeas bond, is different from the analysis applicable to a motion that seeks to stay an order granting injunctive relief, where the familiar four-factor balancing test is applicable.[10]  Having a party against whom a money judgment has been entered post a bond to obtain a stay pending appeal operates to "preserve the status quo while protecting the non-appealing party's rights pending appeal."[11]  The requirements of Rule 62 thus "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."[12]  At the same time, by affording a judgment debtor the ability to obtain a stay by posting a bond, the rule protects the judgment debtor from the risk, should it prevail on appeal, that

---

[9] Fed. R. Civ. P. 62(b) (made applicable by Fed. R. Bankr. P. 7062).

[10] *Nken v. Holder*, 556 U.S. 418, 426 (2009) ("(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987))).

[11] *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-1191 (5th Cir. 1979) (internal citation omitted).

[12] *Id.* at 1191.

*In re Cyber Litig. Inc.*, 20-12702; *Drivetrain LLC v. Dawson*, Adv. Proc. No. 24-50177
May 15, 2026
Page 4 of 7

amounts collected through enforcement activity during the pendency of the appeal may prove impossible to recover.[13]

While the typical requirement is that the judgment debtor post a full security supersedeas bond, a court does retain the discretion to depart from that requirement.[14]  For example, a court may stay a money judgment based on a lower bond amount, other security, or no security at all.[15]  "[I]t is generally recognized that such discretion should be exercised only in exceptional circumstances and where there exists an alternative means of securing the judgment creditor's interest."[16]  The burden of showing that such a departure is appropriate lies with the party seeking such a departure.  The party must "objectively demonstrate the reasons for such a departure" from the ordinary requirement.[17]  Relevant here, an assertion that the judgment debtor is financially unable to post a bond "makes all the more reasonable the plaintiffs' insistence that the defendant post one."[18]

---

[13] *Id.*

[14] Fed. R. Civ. P. 62(b) ("The stay takes effect when the court approves the bond *or other security*.") (emphasis added).  *See also Poplar*, 600 F.2d at 1191; *U.S. v. Panhandle Eastern Corp.*, 696 F. Supp. 983, 986 (D. Del. 1988) ("The question of whether to approve or deny defendants' proposal [for alternate security] is within the Court's discretion.").

[15] *GPDEV, LLC and Simons Exploration, Inc., v. Team Systems International, LLC*, No. 4:18cv442-RH-MAF, 2021 WL 12387254, at *1 (N.D. Fl. Nov. 8, 2021) ("To be sure, a district court has discretion to stay a money judgment based on a lower bond or other security or indeed without requiring a bond or other security at all." (citation omitted)).

[16] *In re ASHINC Corp.*, No.1:21-cv-00994, 2021 WL 3288078, at *2 (D. Del. Aug. 2, 2021).

[17] *Poplar*, 600 F.2d at 1191; *Panhandle*, 696 F. Supp. at 986 ("Defendants bear the burden of justifying a departure from the ordinary requirement of a supersedeas bond.").

[18] *GPDEV*, 2021 WL 12387254, at *2.

*In re Cyber Litig. Inc.*, 20-12702; *Drivetrain LLC v. Dawson*, Adv. Proc. No. 24-50177
May 15, 2026
Page 5 of 7

Here, Dawson seeks to stay the enforcement of a money judgment, not an injunction. The appropriate means to obtain such a stay is therefore by posting a bond or other security, not by resort to the four-factor test applicable to a motion seeking to stay the enforcement of an injunction. Dawson, however, has not posted a bond or other security. Nor has Dawson "objectively demonstrate[d]" any "exceptional circumstance[]" that would make it appropriate for this Court to waive the bond requirement of Rule 62(b).

Dawson asserts in his papers that he lacks the financial wherewithal to post a bond. But he has made no objective demonstration of that fact. Moreover, even if he had, Dawson's inability to post a bond or other security would make all the more reasonable the plan trustee's insistence that he be permitted to exercise creditor remedies against those assets that he can now locate in order to satisfy his judgment. Since Dawson has failed to post a bond or other security and has not objectively demonstrated any exceptional circumstances making appropriate the waiver of the usual bond requirement, the Court will deny Dawson's motion for a stay.

## II. The motion to compel is denied without prejudice, and the parties are directed to meet and confer regarding the plan trustee's discovery requests.

Dawson asserts that the plan trustee's motion to compel must be denied because the plan trustee failed to confer in good faith as required by Rule 37(a)(1).[19] Under Rule 37, a motion to compel discovery "must include a certification that the

---

[19] Fed. R. Civ. P. 37(a)(1) (made applicable by Fed. R. Bankr. P. 7037).

*In re Cyber Litig. Inc.*, 20-12702; *Drivetrain LLC v. Dawson*, Adv. Proc. No. 24-50177
May 15, 2026
Page 6 of 7

movant has in good faith conferred or attempted to confer" with the party from whom they seek discovery.[20]  Here, before the motion to compel was filed, numerous emails were exchanged between the parties.  These exchanges resulted in several agreed extensions.  Dawson then responded to the plan trustee's discovery requests.  The plan trustee, not satisfied with Dawson's responses, sent Dawson a deficiency letter.  Dawson responded to this letter on April 29, 2026, offering to have a telephone call to meet and confer on the deficiency letter on May 1, 2026.  The plan trustee filed its motion to compel on April 30, 2026.

The Court appreciates that these parties have had difficulty working together.  And the Court is not, based on the record before it, forming a judgment about how responsibility for the failures to communicate ought to be allocated as between the parties.  Even if the plan trustee is correct in his allegations that Dawson has been dragging his heels, the record does not show the kind of abject refusal to confer that would justify the Court's considering a motion to compel.  In the context of discovery disputes, the Court requires the parties to make a good faith effort to confer in order to try to narrow their differences and/or sharpen the disputes that the Court is being called upon to resolve.  And the Court will consider a motion to compel in the absence of such a meeting only if the party against whom the discovery is sought has simply failed to engage.  This is not such a case.  The Court will accordingly deny the motion

---

[20] *Id.*

*In re Cyber Litig. Inc.*, 20-12702; *Drivetrain LLC v. Dawson*, Adv. Proc. No. 24-50177
May 15, 2026
Page 7 of 7

without prejudice and direct the parties to meet and confer as contemplated by the rules.

The parties are directed to conduct such a meet and confer session by no later than the end of the day on May 22, 2026.  Because Dawson's counsel has indicated that he is in trial on the West Coast, counsel should be prepared to engage in such a session either before or after the business day on the West Coast.  Following such a session, to the extent there are focused and concrete discovery disputes that require the Court's resolution, the Court is prepared to schedule a hearing, by Zoom, at 8:30 a.m. on any of May 27, 2026; May 29, 2026; or June 1, 2026.  The parties are directed to reach out to chambers to schedule such a hearing, if necessary, after they have met and conferred.

### Conclusion

For the forgoing reasons, the motion for a stay pending appeal is denied and the motion to compel is denied without prejudice.  The Court will issue separate orders so providing.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge