**BLANKROME**

1201 N. Market Street | Suite 800 | Wilmington, DE 19801

blankrome.com

| | |
|---|---|
| *Phone:* | *(302) 425-6479* |
| *Fax:* | *(302) 428-5104* |
| *Email:* | *Stanley.tarr@blankrome.com* |

June 30, 2026

**VIA ECF**
The Honorable Craig T. Goldblatt
United States Bankruptcy Court
District of Delaware
824 North Market Street
3rd Floor, Courtroom 7
Wilmington, DE 19801

   Re:  *Drivetrain, LLC v. Dawson*, Adv. Proc. No. 24-50177 (CTG)

Dear Judge Goldblatt:

   As Your Honor is aware, we represent judgment creditor Drivetrain, LLC ("Plan Trustee"). We write to update Plan Trustee's June 3 letter [D.I. 90] and request a status conference at the Court's earliest convenience concerning judgment debtor Mr. Dawson's enduring failure to comply with Rule 69 post-judgment discovery in defiance of the Court's May 22 Order [D.I. 83] and its Order imposing sanctions [D.I. 89].

   Plan Trustee's June 3 letter advised the Court that the parties had met and conferred on June 2 regarding Plan Trustee's motion to compel [D.I. 70] and Mr. Dawson's opposition [D.I. 73], and Mr. Dawson's counsel had represented he would supplement interrogatory responses by June 5 and complete document production on a rolling basis by June 26. This understanding of counsel's representations "resolved" Plan Trustee's disputes and obviated the need for the hearing set for June 4.

   Mr. Dawson supplemented his interrogatory responses on June 9.[1] On June 16, Plan Trustee's counsel emailed Mr. Dawson's counsel requesting the status of document production (which had still not commenced) and identifying five deficiencies in the supplemental responses. Mr. Dawson's counsel responded at 10:40 p.m. on June 18 requesting a conference the next day—a federal holiday—*solely* with respect to the interrogatory responses, while ignoring the document production inquiries entirely. Despite Plan Trustee's good faith efforts to convene immediately after the holiday, Mr. Dawson's counsel refused to provide availability until June 24, and then only after further prompting.

   The parties met and conferred telephonically at 5 p.m. on June 24. For the first time—and despite failing previously to "correct" representations communicated to the Court three weeks earlier—Mr. Dawson's counsel stated that the June 26 deadline to complete document production

---

[1] A true and correct copy of the supplementary responses, together with all email correspondence referenced herein, is attached as **Exhibit A**.

was a unilateral request by Plan Trustee and not binding on Mr. Dawson. On June 25, Mr. Dawson's counsel represented that he would make a partial production by close of business on June 29. Plan Trustee's counsel responded that unless Mr. Dawson confirmed by close of business on June 29 when he intended to complete production, Plan Trustee would seek the Court's intervention to fix a deadline. Mr. Dawson made partial production on June 29 but again totally ignored Plan Trustee's request for a production deadline. For months now, and setting aside the prior meet and confer on June 2, Mr. Dawson's counsel has consistently ignored every entreaty from Plan Trustee's counsel to determine a production schedule, including during the meet and confer call on June 24.

Today marks the 111th day since Plan Trustee propounded its discovery requests. Mr. Dawson has failed to timely complete production and to determine a schedule for completing production. Civil Rule 34(b)(2), made applicable by Bankruptcy Rule 7034, established *April 10* as the deadline for Mr. Dawson to respond to Plan Trustee's discovery requests. Mr. Dawson is now 81 days past the April 10 deadline and more than 38 days in contempt of the Court's May 22 Order.

Accordingly, and consistent with Plan Trustee's June 3 letter, Plan Trustee respectfully requests that the Court schedule a status conference at the Court's earliest convenience to set a schedule for completion for production and more generally post-judgment discovery.

Respectfully submitted,

*/s/ Stanley B. Tarr*

Stanley B. Tarr

Cc:    All counsel of record via ECF